Andrew Delahunt, Esq. (SBN 285512)
Law Office of Andrew Delahunt
8749 Holloway Drive
West Hollywood, CA 90069
Tel: (310) 351-7332
Fax: (310) 652-1501
delahuntlaw@gmail.com

and

The McCulloch Law Firm, PLLC
Nathaniel Kleinman (to be admitted *pro hac vice*)
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358
nate@mccullochiplaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKSON PRODUCTIONS, INC., | Civil Case No. |
| *Plaintiff*, | |
| v. | **COMPLAINT** |
| | **AND DEMAND FOR JURY TRIAL** |
| 1ST FINANCIAL, INC., | |
| *Defendant.* | |

Plaintiff Erickson Productions, Inc. ("Erickson Productions" or "Plaintiff"), by and through undersigned counsel, hereby demands a trial by jury of all claims and issues so triable, and, as and for its Complaint for copyright infringement against Defendant 1st Financial Inc. ("1st Financial" or "Defendant") hereby asserts and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement against Defendant for unauthorized and infringing uses of Plaintiff's copyrighted original photographic work identified in <u>Exhibit 1</u> that is the subject of this action (hereinafter the "Photograph").

2. Plaintiff seeks all damages available under the law and other relief as set forth herein related to the Defendant's infringement of Plaintiff's copyrights in the Photograph.

## PARTIES

3. Jim Erickson is a professional photographer who makes his living by taking and licensing photographs.

4. Plaintiff Erickson Productions, a California corporation, has an exclusive license related to the commercial sublicensing of Jim Erickson's photographic images, including the Photograph.

5. Erickson Productions' primary place of business is Petaluma, California.

6. Upon information and belief, Defendant 1st Financial is a Maryland corporation that, according to its website, is a "Mortgage Banking firm serving consumers and industry partners."

## JURISDICTION AND VENUE

7. Jurisdiction for Plaintiff's claims lies with the United States District Court for the Northern District of California pursuant to the Copyright Act of 1976, 17 U.S.C. §§101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

8. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) because a substantial portion of the alleged misconduct by the Defendant giving rise to the claims asserted herein occurred in this District and 28 U.S.C. § 1400(a) because, upon information and belief, Defendant

may be found in this District.

9. This Court has personal jurisdiction over the Defendant because, upon information and belief, the foreseeable effects of Defendant's illegal copying were felt by Plaintiff in this District.

**FACTUAL ALLEGATIONS**

10. Upon information and belief, Defendant owns and/or operates the following websites ("Websites"):

- www.veteranloanexpert.com;
- www.ffiloans.com; and
- www.1stfinancialinc.com.

11. Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff's copyrighted Photograph at issue in this action.

12. Attached hereto as Exhibit 2 is a true and correct copy of a screen capture of one of Defendant's Websites as it was displayed on January 12, 2017, demonstrating Defendant's use of the Photograph.

13. Upon information and belief, Defendant also published the Photograph on its other Websites.

14. Defendant did not obtain a license to copy, publish or use Plaintiff's Photograph in any manner.

15. Defendant copied, published, and otherwise exploited Plaintiff's copyrighted Photograph for commercial use without permission or license.

16. On or about January 12, 2017, Plaintiff, through counsel, sent a cease and desist letter to the Defendant demanding that the unauthorized copy of Plaintiff's photograph be removed immediately.

17. Despite Plaintiff's repeated inquiries since that time, Defendant has refused to provide any information regarding how it acquired this unauthorized copy of Plaintiff's Photograph and the full scope of its use, publication, and/or distribution of the Photograph.

18. Because Defendant has refused to cooperate or disclose information relating to its infringing use of Plaintiff's work, the full scope of Defendant's infringing activities has not yet been ascertained.

19. Upon information and belief, Defendant intentionally removed Plaintiff's copyright watermark, which always is displayed in the upper left corner of Plaintiff's advertised images and would have been included in any copy made by Defendant.

20. Upon information and belief, Defendant intentionally removed Plaintiff's copyright watermark to enable and conceal its unauthorized copying and use of the Photograph.

## COUNT I
## COPYRIGHT INFRINGEMENT

21. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

22. Jim Erickson is the author and registered copyright owner of the creative work identified herein and that is the subject of this action.

23. Plaintiff Erickson Productions has an exclusive license covering all rights to photographs created by Jim Erickson, including the Photograph.

24. Copyright in the Photograph was registered with the United States Copyright Office.

25. Upon information and belief, copyright was registered for the Photograph prior to Defendant's infringement.

26. The conduct by Defendant alleged herein constitutes a violation of Plaintiff's exclusive rights in the Photograph at issue, in violation of the U.S. Copyright Act.

27. Defendant and/or its agent(s) copied, published, and displayed Plaintiff's Photograph without permission on its public-facing website.

28. Defendant's infringements were willful.

29. By copying, displaying, publishing, and otherwise exploiting Plaintiff's copyrighted creative work, Defendant infringed Plaintiff's copyrights in the Photograph and caused Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

30. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendant's profit attributable to the infringements, and damages suffered as a result of the lack of compensation, credit, and attribution and from any diminution in the value of Plaintiff's copyrighted work.

31. Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

### COUNT II
### UNAUTHORIZED REMOVAL OF
### COPYRIGHT MANAGEMENT INFORMATION

32. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

33. All of Plaintiff's unlicensed images contain a distinct, circular watermark displayed in the upper left corner which denotes Plaintiff's ownership of the images.

34. Upon information and belief, Defendant removed and/or digitally altered the Photograph prior to publishing it to the Websites and knowingly removed Erickson's credit and copyright notice information in order to facilitate and/or conceal its infringements.

35. The conduct by the Defendant alleged herein constitutes a separate violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(b).

36. Plaintiff seeks all damages recoverable under the Copyright Act for this separate violation.

**WHEREFORE,** Plaintiff respectfully prays for judgment on its behalf and for the following relief:

1. A trial by jury of all claims and issue so triable;

2. A permanent injunction against Defendant from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner the copyrighted work identified herein, and requiring Defendant to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's Photograph and all copies of the infringing materials described in this complaint that are in the control or possession or custody of Defendant;

3. All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue and Defendant's profits attributable to infringements, and damages suffered as a result of the lack of credit and attribution, as well as for removal/alteration of copyright management information;

4. Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

5. Any other relief authorized by law, including punitive and/or exemplary damages; and

6. For such other and further relief as the Court deems just and proper.

Dated:   August 8, 2017

Respectfully submitted,

/s/ Nathaniel Kleinman
Nathaniel Kleinman (to be admitted *pro hac vice*)
The McCulloch Law Firm, PLLC
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358
nate@mccullochiplaw.com

-and-

Andrew Delahunt, Esq. (SBN 285512)
Law Office of Andrew Delahunt
8749 Holloway Drive
West Hollywood, CA 90069
Tel: (310) 351-7332
Fax: (310) 652-1501
delahuntlaw@gmail.com